Robert Tebbenhoff, : 
                Appellant : 
                 : 
      v. : 
                 : 
Hawley Borough Zoning Hearing :   No. 622 C.D. 2023
Board :   Submitted: June 6, 2024

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                  FILED: July 8, 2024

        Robert Tebbenhoff (Tebbenhoff) appeals from an order of the Court of Common Pleas of Wayne County (trial court) affirming a decision of the Zoning Hearing Board (ZHB) of the Borough of Hawley (Borough) that upheld a Notice of Violation. Upon review, we affirm the trial court's order.

## I. Background

        In 2016, Tebbenhoff purchased real property located at 224 Cedar Street in the Borough (224 Cedar). Reproduced Record (RR), vol. 1, item 4 at 13;[1] *id.*, vol. 2, items 3-5. 224 Cedar was located in the R-1 Low Density Residential

---

[1] Tebbenhoff failed to number the pages of the reproduced record as directed by Rule 2173 of the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2173 (directing that "the pages of . . . the reproduced record . . . shall be numbered separately in Arabic figures . . . followed by a small a, thus 1a, 2a, 3a, etc. . . . ." and that "[w]here the reproduced record is bound in more than one volume, there shall be one continuous paging, regardless of the division into volumes"). Instead, Tebbenhoff filed a three-volume reproduced record divided into separate items. We have cited the reproduced record here in accordance with the item numbers designated by Tebbenhoff.

zoning district. ZHB Dec. at 3. It was improved with a single-family dwelling and a garage and was considered one parcel, but it actually consisted of four separate lots. *Id.* In the R-1 zoning district, a single-family dwelling is a permitted use, and a private garage is an accessory use. HAWLEY BOROUGH, PA., ZONING ORDINANCE (Final Draft 2013) (Zoning Ordinance), § 125-14; ZHB Dec. at 6. In 2017, Tebbenhoff obtained a permit from the Borough to use the garage as an accessory structure. RR, vol. 1, item 4 at 46.

In 2021, Tebbenhoff decided to subdivide 224 Cedar. ZHB Dec. at 2. He submitted a plan to reconfigure the four existing parcels into three separate lots; one lot would be vacant, one lot would contain the dwelling, and one lot would contain the garage. *Id.* At Tebbenhoff's direction, the plan, *as approved by the Borough*, expressly provided that the garage was to be converted into a single-family dwelling. *Id.* (quoting Tebbenhoff's Statement of Intent, on the subdivision plan map that 220 Cedar "has an existing garage (**to be converted to a single-family dwelling**) . . .") (emphasis added by ZHB) (additional quotation marks omitted); *id.* at 4; RR, vol. 1, item 4 at 65-66 & 77 (Tebbenhoff's testimony that the Borough approved the subdivision map containing the Statement of Intent that the garage was "to be converted to a single[-]family dwelling"); RR, vol. 2, unnumbered item between items 10 and 11 (copy of subdivision plan including the Statement of Intent, with signed approvals by the Borough Planning Commission and Borough Council). As the ZHB explained, it was Tebbenhoff's Statement of Intent on the subdivision plan to convert the garage to a dwelling that "created a condition by which the subdivision could be approved." ZHB Dec. at 6.

After receiving subdivision approval from the Borough, Tebbenhoff recorded the new deeds in June 2021. ZHB Dec. at 2. Thereafter, he sold the lot

containing the dwelling. RR, vol. 1, item 4 at 44 & 65. The lot containing the garage now has an address of 220 Cedar Avenue (220 Cedar). *Id.* at 63; ZHB Dec. at 3.

In August 2021, Tebbenhoff applied for zoning and building permits for the planned conversion of the garage at 220 Cedar. ZHB Dec. at 3; RR, vol. 3, item 2. In September 2021, he submitted a proposed building plan. RR, vol. 2, item 6. However, he never obtained the required permits because he failed to submit "an Engineering Plan for the sewer and modified Engineering Plans for the structure of the building to hold up the kitchen, living room, and dining room ceiling." ZHB Dec. at 3-4; *see also* RR, vol. 1, item 4 at 73. Instead, Tebbenhoff used the garage at 220 Cedar to store vehicles and household goods. ZHB Dec. at 3; RR, vol. 1, item 4 at 69-71, 76-77 & 83.

In February 2022, Tebbenhoff informed the Borough's Zoning Officer in an email that he was planning to delay completion of the garage conversion at 220 Cedar because he had decided to do another building project first, stating: "I have a change in plans and am planning on starting with the construction of the new house on [the] 412 Highland St, Hawley, PA Lot first. I can use the garage [at 220 Cedar] to store materials and supplies in without the fear of theft." RR, vol. 2, item 9 at 2. In April 2022, the Zoning Officer issued a Notice of Violation indicating the following two separate zoning violations arising from Tebbenhoff's continued use of the garage at 220 Cedar and his failure to effect the conversion of the garage to a dwelling:

> Specific Violations: Commencing no later than the date of this notice you have:
>
> 1. Changed the use of the subject property without first obtaining a Zoning Permit in violation [of Section] 125-51 of the . . . Zoning Ordinance [(governing Permits)]. You are storing vehicles in an accessory structure on the

3

property and have not obtained a Zoning Permit from the Zoning Official for this new and/or change in use on the property.

2. Occupied and/or used an accessory structure in violation of [Section] 125-54 of the . . . Zoning Ordinance [(governing Certificates of Use)]. The accessory structure on the subject property has been used/and or occupied without a Certificate of Use issued by the Zoning Official.

*Id.*, vol. 2, item 10 at 1-2; *see also id.*, vol. 1, item 4 at 15-16.

Tebbenhoff appealed to the ZHB from the Notice of Violation. RR, vol. 2, item 1. In August 2022, the ZHB held a public hearing, at the end of which the members of the ZHB voted unanimously to deny the appeal and uphold the Notice of Violation. *Id.*, vol. 1, item 4 at 105. The ZHB sent a confirmatory letter to Tebbenhoff the next day, followed in November 2022 by a written decision containing findings of fact, conclusions of law, and the following discussion:

Tebbenhoffer's violations are rooted in his actions in seeking a subdivision of his property. Sadly, he does not seem to understand that he changed the lay of the land when he obtained a subdivision approval separating his house from his garage property.

Before he obtained the subdivision approval and recorded the deeds in accordance with that approval, he had a house in the R-1 Low Density Residential District. That is a Principal Permitted Use in such a district. He also had a garage on the same property. The garage was an Accessory Use at that time. Once he separated the garage property from the house property, he created a zoning violation. Since [] Tebbenhoff instructed Kiley Associates to put on the map/subdivision application that the garage would be changed or converted to a single-family residence, he created a condition by which the subdivision could be approved. Without that conversion, the zoning violations alleged by the Borough are clear. As the Zoning Officer said in her testimony, [] Tebbenhoff can remove the violations by obtaining a Zoning Permit and a Building

4

Permit for conversion to a single[-]family detached dwelling. (Notes of Testimony, Page 30, Lines 3-7[.])

Unfortunately, . . . Tebbenhoff has not obtained those Permits and the violations continue. His own testimony and exhibits prove the Borough's case. Exhibit A-22 is a series of photographs demonstrating the violations. [RR, vol. 2, item 7.] He is using the [garage] property exactly as he did before the subdivision and has not even obtained the necessary permits to change the use in accordance with the conditions of subdivision approval.

ZHB Dec. at 6-7; *see also* RR, vol. 3, item 3.

Tebbenhoff appealed to the trial court, which affirmed the ZHB's decision without taking additional evidence. Tebbenhoff then appealed to this Court.

## II. Issues

On appeal,[2] Tebbenhoff does not clearly present his arguments in his brief. The statement of questions involved asserts only that the ZHB erred in not reversing the Notice of Violation and that the ZHB's decision was not supported by substantial evidence, without offering any indication whatsoever of the basis for those assertions.[3] Tebbenhoff Br. at 4. The summary of argument does not clearly

---

[2] Because the trial court did not take additional evidence in Tebbenhoff's zoning appeal, this Court's review is limited to determining whether the ZHB committed an error of law or abused its discretion; an abuse of discretion occurs where a local governing body's findings of fact are not supported by substantial evidence. *See In re Appeal of City Turf Club Op Co.*, 308 A.3d 351, 357 (Pa. Cmwlth. 2024) (first citing *Miravich v. Twp. of Exeter, Berks Cnty.*, 54 A.3d 106, 110 n.4 (Pa. Cmwlth. 2012); and then citing *Metal Green Inc. v. City of Phila.*, 266 A.3d 495, 513 (Pa. 2021)).

[3] Thus, the statement of questions fails to comply with Rule 2116(a) of the Pennsylvania Rules of Appellate Procedure, which directs that "[t]he statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case . . . ." Pa.R.A.P. 2116(a). We note further that Tebbenhoff's Statement of Errors Complained of

5

coordinate with the questions presented but, rather, asserts legal conclusions that the subdivision did not extinguish all previous Certificates of Use and that the garage was not an accessory use once it became the sole use on the relevant lot as approved per the subdivision plan. *See id.* at 6. The argument section itself offers only limited clarification, as it is combined with the statement of facts and is not divided into sections corresponding to the questions presented.[4] *See id.* at 7-23.

From this Court's examination of Tebbenhoff's brief, we discern Tebbenhoff's argument to be as follows. He received a Certificate of Use for his garage in 2017, when it was part of 224 Cedar and on the same lot with the dwelling that constituted the principal use of the lot. Although Tebbenhoff later subdivided

---

on Appeal (1925(b) Statement) does not comply with Rule 1925(b)(4)(ii) of the Pennsylvania Rules of Appellate Procedure, which requires that the 1925(b) Statement "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). Instead, Tebbenhoff's 1925(b) Statement is both overinclusive and underinclusive: it broadly states that the ZHB erred in failing to reverse the Notice of Violation but provides no detail whatsoever, while at the same time, it fails to include the second broad assertion of error regarding lack of substantial evidence that appears in the statement of questions presented in the brief. Under Rule 1925(b)(4)(vii) of the Pennsylvania Rules of Appellate Procedure, "[i]ssues not included in the [1925(b)] Statement and/or not raised in accordance with the provisions of . . . paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). As a general rule, this Court may ignore violations of the Rules of Appellate Procedure if the Court is nonetheless able to conduct a meaningful appellate review. *Ebersole v. Commonwealth*, 303 A.3d 546, 552 (Pa. Cmwlth. 2023) (citing *Arnold v. Workers' Comp. Appeal Bd. (Lacour Painting, Inc.)*, 110 A.3d 1063, 1067 (Pa. Cmwlth. 2015)). However, to the extent that Tebbenhoff intended to assert any additional arguments not discerned by this Court because they are insufficiently set forth in his brief so as to allow meaningful review on appeal, any such arguments are waived, as they were not properly set forth in the 1925(b) Statement.

[4] The argument, therefore, fails to comply with the requirements of Rules 2111(a)(5), 2111(a)(8), and 2119(a) of the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2111(a)(5) & (8) (requiring that the appellant's brief must include, "separately and distinctly entitled," *inter alia*, a statement of the case and an argument section); Pa.R.A.P. 2119(a) (requiring that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein . . .").

224 Cedar into three separate lots with the dwelling and the garage on different lots, he posits that doing so did not "create[] a zoning violation" as the ZHB concluded, ZHB Dec. at 6, because Tebbenhoff simply continued using the garage in the same way as had been authorized by the Certificate of Use. According to Tebbenhoff, that use cannot be an improper accessory use because there is now no principal use on 220 Cedar, and without a principal use, there can be no accessory use. Instead, Tebbenhoff reasons, the garage is now "the sole, principal, primary and only structure existing on [220 Cedar]. The structure is not 'subordinate' to any other structure. . . ." Tebbenhoff Br. at 20 (emphasis omitted). Therefore, the garage is not an "'accessory' to anything else but itself." Tebbenhoff Br. at 21.

## III. Discussion

Section 125-6 of the Zoning Ordinance defines accessory structures and uses as follows:

> **Accessory Building or Structure[]:** A subordinate building or portion of the main building on a lot, the use of which is customarily incidental to that of the main building, including fences, electronic reception devices, and all swimming pools as herein defined. It shall also be constructed of a combination of materials that are safe and stable. The use of an accessory building or structure shall be distinct from that of the principal structure, but must be related in a subordinate way.

> **Accessory Use:** A use of land or of a building or portion thereof customarily incidental and subordinate to the principal permitted, conditional or special exception use of the land or building and located on the same lot with such use including accessory buildings and structures. An accessory use shall be distinct from the principal structure, but must be related in a subordinate way.

Zoning Ordinance, § 125-6.

Here, there is no dispute that the dwelling on the original lot at 224 Cedar constituted the principal use and that the garage was an accessory use. We agree with the ZHB that Tebbenhoff's removal of the principal use from what became 220 Cedar by subdividing and reconfiguring the original 224 Cedar eliminated any authorization for the accessory use on 220 Cedar to continue. In fact, Tebbenhoff's proposal to convert the garage to a dwelling was necessary in order to obtain the Borough's approval of his subdivision plan.

Notwithstanding his proposal to convert the garage at 220 Cedar to a dwelling and his failure to do so, however, Tebbenhoff maintains that his 2017 Certificate of Use for the garage is still in effect because he is still using the garage in the same way as was authorized by the Certificate of Use. We disagree. That authorization was for an accessory use. Tebbenhoff recognizes that there is now no principal use at 220 Cedar and that without a principal use, there can be no accessory use. He advances the logically inconsistent argument that the garage is now the principal use at 220 Cedar but that the use has not changed from the authorized accessory use.

Tebbenhoff cannot have it both ways. Indeed, he cannot have it either way. Whether viewed as a principal or an accessory use, the garage is in violation of the Zoning Ordinance. As a principal use, it is not permitted in the R-1 zoning district. *See* Zoning Ordinance, § 125-14. As an accessory use, it is not permitted because there is no principal use to which it is subordinate. *See id.*, § 125-6.

The record establishes that although Tebbenhoff submitted a proposed building plan regarding 220 Cedar, he never obtained the required permits to move forward with the planned conversion of the garage to a dwelling because he failed to submit the requisite engineering plans for the sewer and for the structure of the

8

building to support a ceiling. Although Tebbenhoff asserts that he was delayed in getting the engineering plans because of the COVID-19 pandemic, he offers no authority suggesting that the alleged delay was a legal defense to his zoning violation regarding his continued use of the garage for storage; nor does he explain why, after obtaining subdivision approval conditioned on converting the garage to a dwelling, he notified the Borough in February 2022 that he had unilaterally decided to put that conversion on hold and proceed with another building project first, while still continuing to use the garage at 220 Cedar for storage.[5]

In short, this Court discerns no error of law by the ZHB or lack of substantial evidence in support of the ZHB's decision. Accordingly, we affirm the trial court's order that denied Tebbenhoff's appeal and affirmed the ZHB's decision.

## IV. Conclusion

Based on the foregoing discussion, the trial court's order is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[5] Tebbenhoff has suggested that there was no deadline for completion of the conversion. However, he has not asserted that on appeal as a basis of error by the ZHB.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Tebbenhoff,                    :
                        Appellant     :
                                      :
            v.                        :
                                      :
Hawley Borough Zoning Hearing         :      No. 622 C.D. 2023
Board                                 :

# **O R D E R**

AND NOW, this 8th day of July, 2024, the order of the Court of Common Pleas of Wayne County, dated May 12, 2023, is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge